IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONNIE MARTINEZ,

    Petitioner,                     No. CIV S-05-1721 FCD GGH P

    vs.

WARDEN HARRISON,

    Respondent.                 FINDINGS & RECOMMENDATIONS

_____/

        By an order filed October 6, 2005, petitioner was ordered to file a new application to proceed in forma pauperis within thirty days and was cautioned that failure to do so would result in a recommendation that this action be dismissed. The thirty day period expired, and petitioner had not responded to the court's order. The court, thereafter, on January 8, 2006, filed findings and recommendations that this action be dismissed without prejudice. Petitioner did not file objections timely, but, instead belatedly sought an extension of time to file his in forma pauperis affidavit.

        The court will now proceed to the screening of the petition absent fee payment or in forma pauperis affidavit because the petition is also otherwise wholly defective. Petitioner challenges a 1987 conviction on a no contest plea in Sacramento Superior Court for murder/use of a deadly weapon for which he was sentenced to life without the possibility of parole.

1

Petitioner sets forth as the only ground of his petition a claim of ineffective assistance of counsel because his "counsel failed to bring up issues." Form Petition, p. 3. His "supporting facts" are that he "was asking my lawyer to bring up issues this [sic] would help me prove myself not guilty. He failed to grant my wishes." Id. Petitioner apparently has presented this vague and insupportable claim only to the Sacramento County Superior Court, which claim was denied some time in 2005.

This petition should be summarily dismissed not only because no cognizable claim is set forth by petitioner's vague characterization, but the claim, such as it is, is both unexhausted and so far outside the applicable statute of limitations that even if he had framed a viable ground for relief, none would be available.

Exhaustion

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986). The ill-framed claim has not been presented to the California Supreme Court.

Timeliness

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted. AEDPA amended 28 U.S.C. § 2244(d)(1) so that it now provides,

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application

created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's conviction became final before the enactment of AEDPA. The Ninth Circuit has held that AEDPA's one year statute of limitations for habeas corpus petitions filed pursuant to 28 U.S.C. § 2254 does not run against any state prisoner prior to the date of the statute's enactment. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled on other grounds by Calderon v. U.S. District Court (Kelly), 163 F.3d 530 (9th Cir. 1998), itself abrogated on other grounds by Woodford v. Garceau, 538 U.S. 202, 123 S. Ct. 1398 (2003). The one-year statute of limitations under AEDPA began to run the day following day, on April 25, 1996. Therefore, petitioner had until April 24, 1997–one year from the enactment of AEDPA–to timely file a § 2254 petition. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Although section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction, or other collateral review with respect to the pertinent judgment or claim is pending, shall not be counted toward any period of limitation under this subsection, it is patently evident that petitioner cannot invoke such a provision when he has only very recently brought his defective claims before the state superior court.

The court must recommend dismissal with prejudice of this application for its patent deficiency.

Accordingly, IT IS RECOMMENDED that petitioner's August 25, 2005 petition be dismissed summarily and with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  3/6/06

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:009
mart1721.fr2